IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED

UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 09-cv-01397-BNB

STANIMIR GEORGIEV PAVLOV,

OCT 0 1 2009

Applicant,

GREGORY C. LANGHAM
CLERK

v.

ARISTEDES ZAVARAS, Executive Director at CO Dep. of Corrections, et al.,
JOHN DAVIS, Ass. Warden at AVCF, et al., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN W. SUTHER[S],

Respondents.

_____

ORDER OF DISMISSAL

_____

Applicant, Stanimir Georgiev Pavlov, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Arkansas Valley

Correctional Facility in Crowley, Colorado.  Mr. Pavlov initiated this action by filing *pro

se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He later

filed an amended application.  In an order filed on July 2, 2009, Magistrate Judge Craig

B. Shaffer directed Respondents to file a pre-answer response limited to addressing the

affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state

court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or

both of those affirmative defenses in this action.  On August 14, 2009, Respondents

filed a pre-answer response.  On August 26, 2009, after being granted an extension of

time, they filed an amended pre-answer response.  On September 14 and 21, 2009, Mr.

Pavlov filed a reply to the pre-answer response and amended pre-answer response.

The Court must construe liberally Mr. Pavlov's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended application and dismiss the action.

Mr. Pavlov was convicted by a jury in Jefferson County, Colorado, district court Case No. 04CR1781 on charges of theft, third-degree burglary, possession of burglary tools, criminal impersonation, and violation of bail bond conditions. On October 10, 2007, he was sentenced to two years of imprisonment, to be served consecutively to his sentence in Mesa County District Court Case No. 04CR1228. He did not appeal directly from the judgment of convictions or sentence.

On April 7, 2008, Mr. Pavlov filed a motion for new trial. On April 21, 2008, he filed an amended motion for new trial. On April 23, 2008, the trial court denied both motions. He did not appeal from the denial.

On June 6, 2008, Mr. Pavlov filed a motion to show cause or compel, which the trial court denied on June 25, 2008. He did not appeal from the denial.

On March 18, 2009, Mr. Pavlov filed a motion to abrogate void conviction. On March 23, 2009, the trial court gave him forty-five days to refile the motion on the proper form. On April 10, 2009, he filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. On April 16, 2009, the trial court denied the Colo. R. Crim. P. 35(c) motion. On May 1, 2009, he appealed from the denial. *See* notice of appeal (amended pre-answer response, ex. C) in *People v.*

2

*Pavlov*, No. 09CA1070.  The record was due on August 20, 2009.  *See* order of court

(amended pre-answer response, ex. D) in *People v. Pavlov*, No. 09CA1070.  No

opening brief has been filed.  *See* amended pre-answer response at 3.

On June 5, 2009, Mr. Pavlov submitted to this Court the original habeas corpus

application, which was filed on June 16, 2009.  On June 29, 2009, he filed an amended

application asserting the same claims as in the application he originally filed.  His claims

are as follows:

> 1.    The State of Colorado lacked personal jurisdiction over applicant.
>
> 2.    The State of Colorado lacked subject matter jurisdiction because "no one person from the [State of Colorado (SOC)] has legal claim under penalty of perjury that [Applicant has] committed any crime."
>
> 3.    "Usurpation of justice, power, authority, jurisdiction, due process of law, equal protection of the law, moral, ethics, human rights, sovereignty and freedom" as a result of the State of Colorado proceeding against Applicant with no personal or subject matter jurisdiction.

Amended application at 5-6.

Respondents first argue that this action is barred by the one-year limitation

period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), the Court first must determine when the judgment of conviction in Mr. Pavlov's criminal case became final.  Because Mr. Pavlov did not file a direct appeal, his conviction became final when the time for filing a direct appeal expired.  Mr. Pavlov was sentenced on October 10, 2007, and, pursuant to Rule 4(b) of the Colorado Appellate Rules, he had forty-five days to file a notice of appeal. Therefore, the Court finds that Mr. Pavlov's conviction became final, on November 26, 2007, the next business day after the time for filing a direct appeal expired on Saturday, November 24, 2007.

The Court will assume that the April 7, 2008, motion for new trial and the June 6, 2008, motion to show cause or compel constituted properly filed motions that tolled the

4

one-year limitation period. Therefore, the period from April 7, 2008, to April 23, 2008, when the motion for new trial was pending in state court, plus the period from April 24, 2008, to June 7, 2008, the forty-five days during which Mr. Pavlov could have sought an appeal under state law, *see Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), *see also* Colo. R. App. P. 4(b), does not count against the one-year limitation period. Likewise, the period from June 6, 2008, to June 25, 2008, when the motion to show cause or compel was denied, plus the period from June 26, 2008, to August 9, 2008, the forty-five days during which Mr. Pavlov could have sought an appeal under state law, *see Gibson*, 232 F.3d at 804, *see also* Colo. R. App. P. 4(b), also does not count against the one-year limitation period. In addition, the period from March 18, 2009, to the present, during which the motion to abrogate void conviction was filed, converted to a Colo. R. Crim. P. 35(c) postconviction motion, denied, and the appeal from that denial filed and pending in the Colorado Court of Appeals, does not count against the one-year limitation period. Therefore, in summary, the periods from April 7, 2008 to August 9, 2008, and from March 18, 2009, to the present do not count against the one-year limitation period.

However, the 133 days after the judgment of conviction became final on November 26, 2007, and before April 7, 2008, when Mr. Pavlov filed the motion for new trial, counts against the one-year limitation period. In addition, the gap of 221 days between August 9, 2008, when the time expired for appealing from the denial of the motion to show cause or compel, until March 18, 2009, when Mr. Pavlov filed the motion to abrogate void conviction, counts against the limitation period. The Court finds

that a total of 354 days count against the one-year limitation period and, therefore, the action is not time-barred.

However, Respondents also contend that the application should be dismissed for failure to exhaust state remedies. The Court agrees.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional

6

claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Respondents allege that Mr. Pavlov appears to have raised two of his three claims on appeal from the denial of his Colo. R. Crim. P. 35(c) motion, converted from a motion to abrogate void conviction. The Court agrees. Because Mr. Pavlov's appeal currently is pending before the state courts, he has not finished one complete round of Colorado's established appellate review process. *See O'Sullivan*, 526 U.S. at 845 ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). As a result, he has failed to exhaust state court remedies before seeking federal review of his claims. Accordingly, it is

ORDERED that the amended application is denied and the action dismissed

without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this *1st* day of _____*Oct*_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-01397-BNB

Stanimir Georgiev Pavlov
Prisoner No. 134930
Crowley County Corr. Facility
6564 State Hwy. 96 - Unit 6B 8B215
Olney Springs, CO 81062-8700

John J. Fuerst
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/1/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk